J. M. JONES, trustee, plaintiff in error, *vs.* S. S. BOONE, administrator, defendant in error.

1. The record reached this Court after return day for the June term, and was entered upon the docket of that term. The Court ordered it stricken and entered for December term following. (R.)
2. The bill of exceptions was not certified and sent up to this Court in accordance with law and rules of Court, and was, therefore, dismissed. (R.)

(McCay, J., having been of counsel for Boone, did not preside.)

Motion for new trial from Sumter county.

1. This cause was entered upon the docket of June term, 1869. When it was called, Mr. Hawkins moved to dismiss the writ of error because the bill of exceptions was never filed in the office of the Clerk of this Court. It appearing that it did not reach the office of the Clerk of this Court twenty days before June term, 1869, the Court ordered that it be stricken from the docket of June term 1869, and be docketed for December term 1869, subject to the motion to dismiss the writ of error.

2. At December term, 1869, Mr. Hawkins renewed the motion to dismiss on said ground, and upon the ground that but for the fault of counsel for defendant the papers would have reached the office of the Clerk of this Court in time for June term, 1869, to which they were properly returnable.

In support of the first point, he stated substantially, that counsel had agreed upon a bill of exceptions and to waive the Judges certificate, and that the Clerk below sent up that agreed bill of exceptions attached to the inside of the record, to this Court, and that, after said papers were filed in the Clerk's office of this Court, said agreed bill of exceptions was detached from the record, and the certified bill of exceptions there, with the record, was substituted for it, and this without permission of the Court or the knowledge of counsel for defendant in error. The Clerk of this Court had put his entry of filing in this office upon the outside leaf of the package which was part of the record, and therefore could not tell

whether said substitution had been made; but Mr. Hawkins said he was prepared to prove it if it was denied.

In support of the other ground Mr. Hawkins submitted a certificate of the Clerk below to the following effect :    The Court, at which said trial was had, adjourned on the 23d of April, 1869.    On the 27th or 28th of April, 1869, Mr. Hill, counsel for plaintiff in error, handed him a copy of the bill of exceptions and requested him to make out the record and send it, attached to said copy, to Mr. Hill, at Macon, and simultaneously left with him the original bill of exceptions and requested him to leave it at the Judge's residence (the Judge being absent) for the Judge's certificate, which the Clerk did that afternoon.    Mr. Hill further requested him to receive from the Judge said bill of exceptions as soon as certified by the Judge, certify it to be the original and to forward it to him at Macon.    Accordingly the Clerk got it from Judge Clark on the 10th of May, 1869, and he immediately forwarded it to Mr. Hill.    The Clerk added that he thought there was ample time for it to reach Atlanta before the return day was out for June term, 1869, of this Court.

Mr. Hill replied by affidavit as follows :    He made out the original bill of exceptions and got an acknowledgment of service on it, and intended sending it to Judge Clark, then at Bainbridge.    Fearing that it might get lost, he copied it and agreed with Elam, counsel for Boone, that the copy should be used in lieu of the original if the original should be lost in going to and returning from Bainbridge, but not otherwise.    Inasmuch as said original was signed, certified and sent up to this Court, said copy bill of exceptions was, by consent of Elam, withdrawn.    He instructed the Clerk below to send said original bill of exceptions to the Clerk of this Court, but he sent the papers to Mr. Hill, at Macon. The record was by Mr. Hill sent to the Clerk of this Court in time for June term, 1869, but the original bill of exceptions reached Mr. Hill too late for it to get here in time for June term, 1869.    Mr. Hill did not send the bill of exceptions here till the beginning of June term, 1869.

He further stated that he knew not that the Clerk below

had made or would make any certificate; that he thought, had he known it, he could have gotten the Clerk to remember that he was instructed to send up the certified record only, and not the copy bill of exceptions, and to send it directly here and not to him; that the copy bill of exceptions which was withdrawn was lost, but he believed it was a true copy of the original there with the record, and that the sole purpose in making said agreement as to the copy bill of exceptions, was to insure the hearing of the cause at June term, 1869.

Mr. Hawkins replied that the interests of his client and Elam's client were distinct, and he could not be bound by Elam's consent. Elam was absent when these proceedings were had here.

The writ of error was dismissed "upon the ground that it was not certified and sent to this Court in accordance with the law and rules of Court."

B. HILL, for plaintiff in error.

S. ELAM, W. A. HAWKINS, for defendant.